IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 05-00491 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO DISMISS |
| vs. | ) INDICTMENT |
| | ) |
| NINA S. MANNING, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

Defendant Nina S. Manning ("Defendant") seeks dismissal of the November 9, 2005 Indictment on the grounds that a delay in obtaining the Indictment violated her due process rights. The court finds that the Defendant has not shown actual prejudice as a result of any preindictment delay. As a result, Defendant's Motion is DENIED.

### I. BACKGROUND

On November 9, 2005, a federal grand jury returned a single count indictment charging Defendant with the September 30, 2002 second-degree murder of her infant daughter, Jasmine, at the Radford Terrace Naval Housing complex. According to the United States, Defendant provided law enforcement


with an exculpatory statement after Jasmine's death, and the Honolulu Department of the Medical Examiner ("Honolulu ME") issued a November 22, 2002 autopsy report classifying the death as "natural" based on a finding that the cause of death was pneumococcal pneumonia.

In October 2004, the Naval Criminal Investigative Service requested a review of the matter from the Armed Forces Institute of Pathology ("AFIP"). In an October 14, 2004 Consultation Report, AFIP's Associate Medical Examiner and Deputy Medical Examiner disagreed with the determination that Jasmine suffered from pneumococcal pneumonia. Instead, they stated that "circumstantial findings are strongly supportive of asphyxia as a mechanism of death." The cause and manner of death was classified as "undetermined."

The United States claims that Defendant confessed to asphyxiating Jasmine during a June 20, 2005 re-interview. In a July 25, 2005 report, the Honolulu ME opined that while Jasmine's pulmonary inflammation was not severe, there were signs of inflamation present on microscopic slides of lung tissue. Given all the circumstances, the manner of death was listed as "undetermined." After reviewing a videotape of Defendant's alleged confession, the Honolulu ME reclassified the manner of death to "homicide" on October 26,

2005. The grand jury indictment was returned on November 9, 2005, two weeks later.

## II. ANALYSIS

Preindictment delay resulting in actual prejudice to a defendant can violate the due process clause of the Fifth Amendment. *United States v. Marion*, 404 U.S. 309, 324 (1971). The due process clause, however, plays a limited role in protecting against preindictment delay. *United States v. Pallan*, 571 F.2d 497, 499 (9th Cir. 1978). The statute of limitations, not the due process clause, normally protects a defendant against preindictment delay. *United States v. Martinez*, 77 F.3d 332, 335 (9th Cir. 1996).[1]

To determine if a defendant's due process rights have been violated, the Ninth Circuit applies a two-part test. First, "a defendant must prove that he suffered actual, non-speculative prejudice from the delay, meaning proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005) (internal quotation signals and citation omitted). "The defendant's burden to show actual prejudice is

---

[1] Perhaps this explains why so few courts actually find a due process violation based on an allegation of preindictment delay. *See United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (stating that the court found only two cases between 1975 and 1992 in which a circuit court upheld a finding of a due process violation based on preindictment delay).

heavy and rarely met." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005); *see also United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) (stating that proof of prejudice must be definite and courts apply the actual prejudice test stringently). If the delay is the result of government negligence and not recklessness or intentional misconduct, the defendant's showing of prejudice is even greater. *United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003).

If the defendant satisfies the first part of the test, "the delay is weighed against the reasons for it, and the defendant must show that the delay offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Barken*, 412 F.3d at 1134 (internal quotation signals and citation omitted). District courts are instructed to determine first if the defendant has demonstrated the prejudice prong of the test. *United States v. Huntley*, 976 F.2d at 1290.

Defendant claims that she has been prejudiced for two reasons. First, she claims that after Jasmine's death, her family relocated to Georgia, and witnesses "to the events were likewise transferred out-of-state or ended their assignments with the Navy and relocated out-of-state." Defendant's Mem. in Sup. 2. As a result, Defendant claims that she is prejudiced in her ability to locate witnesses and gather evidence. Further, she claims that "her memory and

recollection of events have faded and been substantially degraded." *Id.* At the August 14, 2007 hearing on this matter, Defendant presented no testimony, evidence or proffer to support her claim of prejudice.

      At this stage, Defendant has failed to meet her heavy burden to establish actual, non-speculative prejudice. Her speculative claims of prejudice are without any evidentiary support, doing nothing more than making an assertion of prejudice without any factual support. She has not specifically explained why the witnesses cannot be located through due diligence and what those witnesses would explain to the jury. Her claims, at best, are conjecture. "Generalized assertions of loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d at 1194.[2]

///

///

///

////

///

---

[2] Because the Defendant has failed to satisfy the first part of the test, the court need not reach the second prong to determine if the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Barken*, 412 F.3d at 1134 (internal quotation signals and citation omitted).

## III.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Indictment is DENIED without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 15, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Manning*, Cr. No. 05-00491 JMS, Order Denying Defendant's Motion to Dismiss Indictment